[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an appeal by the City of Tiffin from the judgment of the Municipal Court of Tiffin, Ohio, dismissing the charges against defendant Anthony L. Hufford and finding Tiffin Codified Ordinance section 509.11(a) to be an unconstitutional exercise of police power in violation of the defendant's rights under the First Amendment to the United States Constitution.
The City of Tiffin alleges[1] that on May 1, 1998, Tiffin Police Officer Fredrick W. Stevens was in his patrol cruiser travelling southbound on South Washington street when he became aware that the driver of a car in front of him was playing loud music. Officer Stevens radioed other units to determine if another officer was further south on South Washington street, so that second officer could measure the distance at which the car's music remained audible. Officer Aaron M. Russell answered the call and parked his patrol cruiser on South Washington street. He then measured off a distance of 162 feet from his cruiser, and stood at that point waiting for the car to approach. As the car reached Officer Russell's cruiser, he determined that the music was plainly audible from his position and radioed that information to Officer Stevens. Officer Stevens proceeded to initiate a traffic stop of the car, which was being driven by defendant Anthony L. Hufford. Officer Stevens issued defendant a citation for violating Tiffin Codified Ordinance section 509.11, respecting "Operation of Radios or Other Soundmaking Devices or Instruments in Vehicles." However, on the date scheduled for defendant's trial the trial court dismissed the charge, finding that "[s]ince there is no victim who has been disturbed this would be an unconstitutional exercise of police power." The City of Tiffin now appeals and asserts the following assignment of error:
 THE TRIAL COURT ERRED IN DISMISSING THE CASE AGAINST DEFENDANT. [SIC] WHILE FINDING ENFORCEMENT OF TIFFIN CITY ORDINANCE SECTION 509.11(a) AN UNCONSTITUTIONAL INFRINGEMENT OF DEFENDANT'S FIRST AMENDMENT RIGHT TO FREE EXPRESSION.
On the authority of this Court's decision in City of Tiffinv. McEwen, Seneca App. No. 13-98-28, unreported, the City of Tiffin's sole assignment of error is sustained. The judgment of the Tiffin Municipal Court is reversed and the case is remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 BRYANT and HADLEY, JJ., concur.
[1] No evidence was entered onto the record in this case. The transcript before the Court indicates that the prosecutor merely summarized what he expected the evidence to show were the case to go to trial. The trial court then sua sponte
dismissed the case on the finding that the enforcement of the ordinance was unconstitutional.